JEFFREY S. KRAVITZ, SBN 66481
 jskravitz@foxrothschild.com
JAYSEN S. CHUNG, SBN 280708
 jchung@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:  310.598.4150
Facsimile:  310.556.9828

Attorneys for Plaintiff
NATIONAL CENTER FOR JEWISH FILM

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CENTER FOR JEWISH FILM, | CASE NO. EDCV12-0044VAP(DTBx) |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) COPYRIGHT INFRINGEMENT;**<br>**(2) VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;**<br>**(3) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 ET SEQ.; AND**<br>**(4) UNFAIR COMPETITION UNDER LANHAM ACT § 43(a);**<br>**(5) COMMON LAW UNFAIR COMPETITION;**<br>**(6) INJUNCTIVE RELIEF; AND**<br>**(7) DECLARATORY RELIEF** |
| RIVERSIDE FILMS LLC, a New York limited liability company; JOSEPH DORMAN, an individual; and DOES 1 through 10 | |
| Defendants. | |
| | [DEMAND FOR JURY TRIAL] |

Plaintiff National Center for Jewish Film ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

///

1

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## PARTIES

1.     Plaintiff is an award-winning non-profit film archive and distributor dedicated to preserving and sharing Jewish heritage.  Plaintiff's unique collection of over twelve thousand reels of film includes features, documentaries, shorts, newsreels, and home movies.  Plaintiff also distributes its own newly restored versions of rare Yiddish feature films and services hundreds of venues worldwide, including theatres, film festivals, synagogues and museums.  Plaintiff is located at Brandeis University, Lown Building #102 MS053, Waltham, Massachusetts 02454.

2.     Plaintiff is informed and believes, and thereon alleges, that Defendant Riverside Films LLC ("Riverside") is a New York Limited Liability Company with its principal place of business located at 250 Riverside Drive, #65, New York, New York 10025.

3.     Plaintiff is informed and believes, and thereon alleges, that Defendant Joseph Dorman ("Dorman") is an individual with a principal place of residence in New York, New York.

4.     The true names and capacities, whether individual, corporate, associate, employee or otherwise, of the Defendants sued herein as Does 1 through 20, inclusive, currently are unknown to Plaintiff, and Plaintiff therefore sues Defendants by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a Doe is responsible legally in some manner for the acts, conduct, omissions and events referred to herein, causing injury and damage proximately thereby to Plaintiff, and each of them, as alleged hereinafter.  Plaintiff will seek leave to amend this Complaint to allege that true names, capacities and circumstances establishing the liability of the Defendants designated herein as Does 1 through 20, inclusive, at such time as Plaintiff ascertains the same.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, each of the Defendants was the agent, servant, employee,

2

1 supervisor, partner, associate, co-venturer, subsidiary and/or corporate parent of

2 each of the remaining Defendants and, at all times herein relevant, each Defendant

3 was acting within the course, scope, purpose, consent, knowledge, ratification, and

4 authorization of such agency, employment, partnership, joint venture, subsidiary

5 and/or corporate parent.

6 **JURISDICTION AND VENUE**

7      6.    The Court has original subject matter jurisdiction over Plaintiff's

8 copyright claims arising under the copyright laws of the United States (17 U.S.C. §

9 101 et seq.) and founded on 28 U.S.C. §§ 1331, 138(a) and 1338(b).  Additionally,

10 the Court has original jurisdiction as to Plaintiff's federal claim under the Lanham

11 Act pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1338(a).  The Court also has and

12 should assume pendent jurisdiction of the claims for unfair competition pursuant to

13 28 U.S.C. § 1338(b) because they are substantial and related to Defendants'

14 infringement of Plaintiff's copyrights.

15      7.    This Court has personal jurisdiction over Defendants in that

16 Defendants have conducted a substantial amount of business, including the acts of

17 infringement complained of herein, in the State of California and in this District.

18      8.    Venue in this District is proper under 28 U.S.C. §§ 1931(b)(2) and (c)

19 and 1400(a) because Defendants purposefully availed themselves of the State of

20 California and this District, and because Defendants' acts of infringement

21 complained of herein occurred or arose in the State of California and in this

22 District.  Attached hereto as Exhibit "A" is a true and correct copy of an

23 advertisement for the infringing film in a commercial theater in Los Angeles,

24 California.

25 **FACTS COMMON TO ALL CLAIMS**

26      9.    Plaintiff owns copyright to the film *Tevye*, Registration No.

27 PA0000111844, with a registration date of July 9, 1981.

28      10.    Plaintiff owns copyright to the film *Yiddle With His Fiddle* and *A*

3

LA1 177127v1 01/09/12

1    *Letter to Mother* by an assignment from the films' producer, Joseph Green, on

2    January 1, 1990.  The assignment was timely recorded as Document No.

3    V3333P186 with the U.S. Copyright Office on January 22, 1990.

4         11.    Plaintiff applied for copyright registration to *Jewish Luck* on August

5    22, 2011, and the application is pending.

6         12.    Riverside Films LLC, Joseph Dorman, and potentially other

7    individuals or entities whose identities are currently unknown to Plaintiff

8    (collectively, "Defendants") have infringed Plaintiff's copyrights in *Tevye*, *Jewish*

9    *Luck*, *Yiddle With His Fiddle* and *A Letter to Mother* (collectively, the

10   "Copyrighted Works") by reproducing, preparing derivative works of, distributing

11   copies, publicly performing and/or publicly displaying the Copyrighted Works in

12   *Sholem Aleichem: Laughing in the Darkness* ("Infringing Film") while conducting

13   business in Los Angeles County and other cities across California and the United

14   States.

15        13.    On or about July 8, 2011, Defendants released to general audiences the

16   Infringing Film, which reproduces, prepares derivative works of, distributes copies,

17   publicly performs and/or publicly displays the Copyrighted Works without consent,

18   right or license from Plaintiff.  Defendants had begun showing the Infringing Film

19   in film festivals approximately six months prior to its release to general audiences.

20        14.    Beginning on or about July 8, 2011, Defendants have shown, continue

21   to show and are scheduled to show the Infringing Film to general audiences in

22   commercial theaters and film festivals in Los Angeles County, various other cities

23   in California, and across the United States, including in New York, Texas, Florida,

24   Connecticut, Michigan, Colorado, Georgia, Arizona, Ohio, Maine, Nevada, New

25   Mexico, Utah, Pennsylvania and Kentucky.

26        15.    On or about July 27, 2011, Plaintiff sent a letter to Defendants,

27   requesting that Defendants send Plaintiff a detailed shot list and time code and

28   legally obtain from Plaintiff the footage from the Copyrighted Works used in the

4

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1   Infringing Film.  Defendants failed to comply and continue to show the Infringing

2   Film throughout the United States without consent, right or license from Plaintiff.

3       16.   Defendants have advertised the Infringing Film extensively, including

4   but not limited to the internet and social media, such as maintaining a website for

5   the Infringing Film and advertising on the iTunes Store and Facebook.

6       17.   As of January 5, 2012, the domestic total of reported ticket sales to

7   general audiences for the Infringing Film was at least $800,000.  Plaintiff reserves

8   the right to amend the amount at a later time to conform to proof.

9                      **FACTS RELATED TO *TEVYE***

10      18.   Plaintiff is informed and believes, and thereon alleges, that Defendants

11  have infringed Plaintiff's copyright in *Tevye* by reproducing, preparing derivative

12  works of, distributing copies, publicly performing and/or publicly displaying *Tevye*

13  in the Infringing Film.

14      19.   Plaintiff is informed and believes, and thereon alleges, that Defendants

15  have infringed Plaintiff's copyright in *Tevye* by reproducing, preparing derivative

16  works of, distributing copies, publicly performing and/or publicly displaying in the

17  Infringing Film scenes from *Tevye* that are central to its portrayal of a Jewish father

18  who struggles to maintain the Jewish faith and tradition in his family and among

19  his several daughters, as Eastern European Jews are on the brink of expulsion from

20  their home during the pre-World War II period.  Two scenes include the pivotal

21  interaction between Tevye and his daughter, Chava, who wishes to marry outside

22  the Jewish faith.  A third scene depicts Tevye and his family leaving their village

23  on their wagon as they are expelled before the beginning of World War II.

24                    **FACTS RELATED TO *JEWISH LUCK***

25      *20.*   Plaintiff is informed and believes, and thereon alleges, that

26  Defendants have infringed Plaintiff's rights under the copyright laws in *Jewish*

27  *Luck* by reproducing, preparing derivative works of, distributing copies, publicly

28  performing and/or publicly displaying *Jewish Luck* in the Infringing Film.

5

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

21.    Plaintiff is informed and believes, and thereon alleges, that Defendants have infringed Plaintiff's copyright in *Jewish Luck* by reproducing, preparing derivative works of, distributing copies, publicly performing and/or publicly displaying scenes from *Jewish Luck* that are fundamental to its plot about a daydreaming, struggling Jewish entrepreneur in Tsarist Russia who continued to have hopes for fortune despite the oppressive conditions from which he and millions of other Jews in Tsarist Russia suffered.  The well-known and humorous clips depict the protagonist's daydream of being a matchmaker and shipping ready-to-marry brides on trains and lifting them by cranes onto ships as if they were ordinary cargo.

## FACTS RELATED TO *YIDDLE WITH HIS FIDDLE*

22.    Plaintiff is informed and believes, and thereon alleges, that Defendants have infringed Plaintiff's copyright in *Yiddle With His Fiddle* by reproducing, preparing derivative works of, distributing copies, publicly performing and/or publicly displaying *Yiddle With His Fiddle* in the Infringing Film.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendants have infringed Plaintiff's copyright in *Yiddle With His Fiddle* by reproducing, preparing derivative works of, distributing copies, publicly performing and/or publicly displaying scenes of a traditional shetl market and town from *Yiddle With His Fiddle* that were fundamental to its portrayal of the vitality and spirit of traditional shetl culture, its inhabitants, as well as small town Jewish life in the late 19th Century and during the pre-World War II era.  The footage includes the opening shetl market and town scenes from *Yiddle With His Fiddle*.

## FACTS RELATED TO *A LETTER TO MOTHER*

24.    Plaintiff is informed and believes, and thereon alleges, that Defendants have infringed Plaintiff's copyright in *A Letter to Mother* by reproducing, preparing derivative works of, distributing copies, publicly performing and/or publicly displaying *A Letter to Mother* in the Infringing Film.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

25. Plaintiff is informed and believes, and thereon alleges, that Defendants have infringed Plaintiff's copyright in *A Letter to Mother* by reproducing, preparing derivative works of, distributing copies, publicly performing and/or publicly displaying scenes of the market and town in a traditional Polish Jewish community from *A Letter to Mother* that were fundamental to its portrayal of the traditional Polish Jewish community during the pre-World War II era.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement)

26. Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 25 inclusive.

27. Plaintiff is, and at all relevant times has been, the copyright owner of the Copyrighted Works.

28. Plaintiff is informed and believes, and thereon alleges, that Defendants, without the permission or consent of Plaintiff, reproduced, prepared derivative works, distributed copies of, publicly performed and/or publicly displayed within the territorial limits of the United States scenes from Plaintiff's Copyrighted Works in the Infringing Film. The acts described in this paragraph occurred since on or about July 8, 2011 and continue to occur.

29. Defendants' acts mentioned herein constitute infringement of Plaintiff's registered copyright and exclusive rights under copyright.

30. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

31. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

32. Due to Defendants' acts of copyright infringement alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Copyrighted Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

7

1    indirectly attributable to Defendants' infringement of the Copyrighted Works, in an
2    amount to be established at trial.

3       33.    Plaintiff is informed and believes, and thereon alleges, that Defendants
4    engaged in the acts of copyright infringement alleged herein fully aware of
5    Plaintiff's rights to the Copyrighted Works.  Therefore, Defendants' acts of
6    copyright infringement as alleged above were, and continue to be, willful,
7    intentional, purposeful, with full knowledge and in disregard of and indifference to
8    the rights of Plaintiff, subjecting Defendants, and each of them, to liability for
9    statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to
10   one hundred fifty thousand dollars ($150,000) per infringement.  Within the time
11   permitted by law, Plaintiff will make its election between actual damages and
12   statutory damages.

### SECOND CLAIM FOR RELIEF

#### (Vicarious and/or Contributory Copyright Infringement)

15      34.    Plaintiff incorporates herein by this reference each and every
16   allegation contained in paragraphs 1 through 33 inclusive.

17      35.    Plaintiff is informed and believes, and thereon alleges, that Defendants
18   knowingly induced, participated in, aided and abetted in, and profited from the
19   illegal reproduction and/or subsequent distribution of the Infringing Film featuring
20   all of Plaintiff's copyrighted works mentioned above.

21      36.    Plaintiff is informed and believes and, thereon alleges, that Defendants
22   are vicariously liable for the infringements alleged herein because they had the
23   right and ability to supervise the infringing conduct and because they had a direct
24   financial interest in the infringing conduct.

25      37.    By reason of Defendants', and each of their, acts of contributory
26   infringement as alleged above, Plaintiff has suffered and will continue to suffer
27   substantial damages to its business in an amount to be established at trial, as well as
28   additional general and special damages in an amount to be established at trial.

8

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

38.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Copyrighted Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Copyrighted Works, in an amount to be established at trial.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in the acts of copyright infringement alleged herein fully aware of Plaintiff's rights to the Copyrighted Works.  Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional, purposeful, with full knowledge, and in disregard of and indifference to the rights of Plaintiff, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition Under CAL. BUS. & PROF. CODE § 17200 et seq.)

40.     Plaintiff incorporates herein by this reference each and every allegation contained in paragraphs 1 through 39 inclusive.

41.     The acts of Defendants complained of herein constitute unfair competition within the meaning of CAL. BUS. & PROF. CODE § 17200 et seq.

42.     Defendants' actions constitute willful and knowing copyright infringement.

43.     Defendants' unfair competition has caused and will continue to cause damage to Plaintiff, including irreparable harm for which there is no adequate remedy at law.

44.     Pursuant to CAL. BUS. & PROF. CODE § 17203, Plaintiff is entitled to

9

LA1 177127v1 01/09/12

1   preliminary and permanent injunctive relief ordering Defendants to cease this

2   unfair competition.

3        45.    Plaintiff is further entitled to the disgorgement of any and all of

4   Defendants' profits associated with this unfair competition.

5   **FOURTH CLAIM FOR RELIEF**

6   **(Unfair Competition Under Lanham Act § 43(a))**

7        46.    Plaintiff incorporates herein by this reference each and every

8   allegation contained in paragraphs 1 through 45 inclusive.

9        47.    The acts of Defendants complained of herein constitute unfair

10   competition under Lanham Act § 43(a).

11        48.    Defendants' actions constitute willful and knowing copyright

12   infringement, and have caused and will likely continue to cause confusion, mistake

13   and deception among consumers.

14        49.    Defendants, by their unauthorized appropriation and use of Plaintiff's

15   Copyrighted Works, have and are engaging in acts of unfair competition, unlawful

16   appropriation, unjust enrichment, wrongful deception of the purchasing public and

17   unlawful trading of Plaintiff's good will and the public's acceptance of Plaintiff's

18   Copyrighted Works, all to Plaintiff's irreparable damage.

19   **FIFTH CLAIM FOR RELIEF**

20   **(Common Law Unfair Competition)**

21        50.    Plaintiff incorporates herein by this reference each and every

22   allegation contained in paragraphs 1 through 49 inclusive.

23        51.    The acts of Defendants complained of herein constitute unfair

24   competition under the common law of the State of California.

25        52.    Defendants' actions constitute willful and knowing copyright

26   infringement, and have caused and will likely to continue to cause confusion,

27   mistake, and deception among consumers.

28        53.    Defendants' unfair competition has caused and will continue to cause

10

LA1 177127v1 01/09/12

1    damage to Plaintiff, including irreparable harm for which there is no adequate

2    remedy at law.

3        54.    As a consequence of Defendants' unfair competition, Plaintiff is

4    entitled to damages and preliminary and permanent injunctive relief ordering

5    Defendants to cease this unfair competition.

6                    **SIXTH CLAIM FOR RELIEF**

7                        **(Injunctive Relief)**

8        55.    Plaintiff incorporates herein by this reference each and every

9    allegation contained in paragraphs 1 through 54 inclusive.

10       56.    Defendants' current release, sale and distribution of the Infringing

11   Film, including all other acts complained of herein, have irreparably harmed

12   Plaintiff and Defendants continue to profit from the same.

13       57.    Plaintiff has no adequate remedy at law for the injuries currently being

14   threatened by Defendants' acts complained of herein, and therefore seek injunctive

15   relief from Defendants, and each of them, from otherwise releasing, selling,

16   distributing or engaging in any other acts regarding the Infringing Film that cause

17   similar harm to Plaintiff.

18                   **SEVENTH CLAIM FOR RELIEF**

19                      **(Declaratory Relief)**

20       58.    Plaintiff incorporates herein by this reference each and every

21   allegation contained in paragraphs 1 through 57 inclusive.

22       59.    An actual controversy presently exists between Plaintiff and

23   Defendants in that Defendants have wrongfully infringed Plaintiff's Copyrighted

24   Works and engaged in unfair competition against Plaintiff.  Plaintiff is informed

25   and believes that Defendants contend Plaintiff is not entitled to any recovery.  An

26   actual controversy therefore exists that requires a judicial determination of the

27   rights and responsibilities of Plaintiff and Defendants with respect to their duties,

28   conduct and damages.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

60.    Declaratory judgment by this Court is necessary in order to avoid multiplicity of action, duplication of attorneys' fees, expenses and trials, for judicial economy, such that all disputes, issues and matters arising out of or related to Plaintiff's claims for injuries or damages, should be tried at one time, before the same Court and Trier of Fact, and that by virtue thereof, this Court is empowered under the principles of equity and law to make a judicial declaration of the rights and obligations of and between Plaintiff and Defendants, and each of them.

61.    Accordingly, Plaintiff requests that this Court declare that Plaintiff has ownership over the Copyrighted Works and that Defendants have infringed Plaintiff's rights in the Copyrighted Works and engaged in unfair competition through their infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## WITH RESPECT TO EACH CLAIM FOR RELIEF

1.    Defendants and their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert or participation with Defendants be enjoined during the pendency of this action and permanently thereafter from appropriating, using, or otherwise, infringing Plaintiff's Copyrighted Works;

2.    Defendants and their agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert or participation with Defendants be enjoined during the pendency of this action and permanently thereafter from distributing, publicly displaying, or otherwise, selling the Infringing Film.

3.    Defendants be ordered to pay to Plaintiff all damages suffered by Plaintiff due to their unlawful acts, with prejudgment interest, as well as account for and pay to Plaintiff all gains and profits that they have enjoyed at Plaintiff's

12

1    expense, including Plaintiff's costs and attorneys' fees to the extent allowed by law.

2    At present, Plaintiff cannot ascertain the full extent of its damages and lost profits;

3    and

4         4.       such other relief as the equities of the case may require and as this

5    Court may deem just and proper under the circumstances.

6

7    DATED:  January 9, 2012.              FOX ROTHSCHILD LLP

8

9                                         By: /s/
                                              _____
                                              Jeffrey S. Kravitz
10                                            Jaysen S. Chung
                                              Attorneys for Plaintiff
11                                            NATIONAL CENTER FOR
                                              JEWISH FILM

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

LA1 177127v1 01/09/12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY DEMAND

Plaintiff National Center for Jewish Film hereby demands a trial by jury for the matter herein.

Dated:  January 9, 2012                    FOX ROTHSCHILD LLP

By: _____
Jeffrey S. Kravitz
Jaysen S. Chung
Attorneys for Plaintiff,
National Center for Jewish Film

14

LA1 177127v1 01/09/12

# Exhibit A



Before there was **Fiddler**, there was **Tevye**, and the Man who created him...

# *Sholem Aleichem*
## LAUGHING IN THE DARKNESS

A film by JOSEPH DORMAN

**L.A. premiere**
*followed by a discussion with the filmmaker*

# August 5th, 2011 at 7:40 PM
Laemmle Royal Theatre – 11523 Santa Monica Boulevard

presented by yiddishkayt | ייִדישקייט

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## EDCV12- 44 VAP (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [X] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Jeffrey S. Kravitz SBN 66481
Jaysen S. Chung, SBN 280708
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA   90067
Tel:  310-598-415-
Fax: 310-556-9828
jskravitz@foxrothschild.com
jchung@foxrothschild.com

**COPY**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL CENTER FOR JEWISH FILM | CASE NUMBER |
| PLAINTIFF(S) | EDCV12-0044 VAP(DTBx) |
| v. | |
| RIVERSIDE FILMS LLC, a New York limited liability company; JOSEPH DORMAN, an individual; and DOES 1 through 10 , | **SUMMONS** |
| DEFENDANT(S). | |

TO:      DEFENDANT(S):

A lawsuit has been filed against you.

Within $21$ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, ___,__ whose address is _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JAN - 9 2012

Dated: _____

Clerk, U.S. District Court

By: _____
      **JULIE PRADO**
      Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.FormsWorkFlow.com

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
National Center for Jewish Film

**DEFENDANTS**
Riverside Films LLC, a New York limited liability company; Joseph Dorman, an Individual; and Does 1 through 20

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey S. Kravitz, SBN 66481
Fox Rothschild LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: (310) 598-4150/Fax (310) 556-9828

**Attorneys (If Known)**
Karen Shatzkin
Shatzkin & Mayer, P.C.
1776 Broadway, 21st Floor
New York, NY 10019-2002
TEL (212) 684-3000 FAX (212) 684-5333

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury- Med Malpractice
☐ 365 Personal Injury- Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 22 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Acco- mmodations
☐ 444 Welfare
☐ 445 American with Disabilities – Employment
☐ 446 American with Disabilities – Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R.& Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☒ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 61 HIA(1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW 405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: EDCV12-0044

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) 191180v1

CIVIL COVER SHEET

Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Massachusetts (National Center for Jewish Films) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York (Joseph Dorman) New York (Riverside Films LLC) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Jaysen S. Chung_     Date: January 9, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com